<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4936**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ALLEN LEON SAMMONS,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, Chief District Judge. (1:08-cr-00014-jpj-pms-1)

Submitted: October 29, 2010       Decided: January 7, 2011

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael L. Dennis, GALUMBECK, DENNIS & KEGLEY, Tazewell, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Leon Sammons pled guilty to five counts of interstate transmission of threats to injure another person, 18 U.S.C. § 845(c) (2006). In sentencing him, the district court varied above the guideline range of 18-24 months and imposed a sentence of forty-eight months. Sammons appeals his sentence, arguing that the district court failed to adequately address the sentencing factors set out in 18 U.S.C. § 3553(a) (2006), and that the sentence was substantively unreasonable. We affirm.

Sentences are reviewed for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Seay, 553 F.3d 732, 742 (4th Cir.), cert. denied, 130 S. Ct. 127 (2009). The reviewing court first examines the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

With respect to the explanation of the sentence, this court has stated, "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must

place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). If this court concludes that a sentence is procedurally reasonable, the court then "consider[s] the substantive reasonableness of the sentence imposed." United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (citing Gall, 552 U.S. at 51). Because Sammons drew on some § 3553(a) factors to argue "for a sentence different from the one ultimately imposed," he preserved the claim he raises here for appeal. Lynn, 592 F.3d at 578.

Sammons first argues that the district court failed to consider the nature and circumstances of the offense, as well as his history and characteristics, and the need for his sentence to afford adequate deterrence to future criminal conduct and to protect the public. He further argues that the court failed to consider other kinds of sentences, such as probation or home electronic monitoring. Last, Sammons maintains that the court failed to explain adequately the reasons for the variance.

We are not persuaded by Sammons' claims. While the district court did not address all the § 3553(a) factors at sentencing, it discussed several factors that it deemed most relevant, and explained the variance adequately. The court focused on Sammons' history and characteristics, see

3

§ 3553(a)(1), as shown in the materials submitted to the court, and "his conduct [in] earlier proceedings in the case." The court stated that Sammons' mental state prevented him from appreciating the seriousness of his conduct, made it difficult for him to control his conduct at times, and suggested that he might be dangerous to others. The court concluded that the need to provide adequate deterrence to criminal conduct, § 3553(a)(2)(B), and the need to protect the public from further crimes by Sammons, § 3553(a)(2)(C), necessitated a variance.

Finally, the court did not abuse its discretion in varying above the guideline range for the reasons it stated. The evidence before the court suggested strongly that Sammons was likely to communicate threats to others in the future. Giving due deference to the court's perception that a longer sentence was needed to protect the public from future crimes by Sammons, see Gall, 552 U.S. at 51, we conclude that the court did not abuse its discretion in varying upward to a sentence of forty-eight months and that the sentence was not substantively unreasonable.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED